IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LEROY D. JAMES
ADC # 112786                                                                                          PLAINTIFF

V.                                          4:08-cv-04119-JMM-JJV

HUFFMAN, Officer, Faulkner County Detention
Center; and KARL BYRD, Sheriff, Faulkner County
Detention Center                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983, claiming denial of free expression of his religious beliefs for the Defendants' failure to provide him with a pork-free diet. The two named Defendants are Officer Huffman, the corporal who allegedly told Plaintiff he would eat what he was given or nothing at all, and Faulkner County Sheriff Karl Byrd. Defendants have filed a Motion for Summary Judgment (Doc. No. 52) supported by a Brief (Doc. No. 53) and Statement of Facts pursuant to Local Rule 56.1 (Doc. No. 54). Plaintiff has now filed his Response (Doc. No. 65) and the matter is ripe for disposition.

**A.**    **Summary Judgment Standard**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party

has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted.  *See Celotex*, 477 U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**B.     Exhaustion of Administrative Remedies**

Defendants state that Plaintiff failed to exhaust his administrative remedies at the Faulkner County Detention Center.  Plaintiff's Response does not challenge this assertion.  Rather, Plaintiff only states, "there is no evidence that the Plaintiff's constitutional rights were not violated."

In *Jones v. Bock*, 549 U.S. 199, 203-204 (2007), the United States Supreme Court considered the role that a prisoner's failure to exhaust his administrative remedies should play in the context of deciding the merits of a claim under Section 1983.  The Court began its analysis by noting that requiring prisoners to exhaust their administrative remedies had the positive effect of allowing prison officials "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court" which, in turn, "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."  *Id*., citing *Woodford v. Ngo*, 548 U.S. 81, 89, 95 (2006).

Those purposes served as the backdrop to the Court's consideration of the exhaustion requirement, which Congress included in the Prison Litigation Reform Act (PLRA) and provides

as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. Section 1997e(h).[1]

Failure to exhaust is "an affirmative defense under the PLRA, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra* at 216. Courts charged with determining exhaustion should do so on case-by-case basis, with each prisoner's complaint evaluated in light of its compliance with established prison grievance procedures. *Id.* at 218-19.

Prisoners are required to exhaust all "available" remedies before seeking relief under section 1983. *Woodford v. Ngo, supra* at 85; *See* 42 U.S.C. Section 1997e(a). The United States Court of Appeals for the Eighth Circuit has defined "available" as "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris, supra* at 740. It does not matter whether the prisoner may have subjectively believed that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, *supra* at 808; *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *cert. denied* 531 U.S. 1156 (2001). If exhaustion is not complete by the time of the filing of the prisoner's complaint, then dismissal is mandatory. *Johnson v. Jones, supra* at 627. Prisoners have only been excused from complying with the administrative procedures when

---

[1] According to his pleadings, Plaintiff was held at the detention center pending revocation of his parole, and following revocation pending return to the Arkansas Department of Correction.

correctional officials have prevented prisoners from utilizing the procedures, or when the officials themselves have failed to comply with the administrative procedures. *Miller v. Norris, supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).

The evidence before the Court in the instant case supports Defendants' position that Plaintiff failed to comply with the requirements to exhaust administrative remedies without any interference by jail officials. Among the exhibits accompanying their motion is a "Faulkner County Detention Center Inmate Grievance Form" submitted by the Plaintiff on November 28, 2007, whereby he requested new shoes. It was responded to the same day, demonstrating the detention center had a grievance policy and Plaintiff was aware of how to utilize it. Plaintiff has provided nothing to rebut Defendants' evidence on this crucial point. Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies and that Defendants are therefore entitled to a grant of summary judgment in their favor.

## CONCLUSION

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 52) be GRANTED and Plaintiff's Complaint be DISMISSED without prejudice.

DATED this 4th day of November, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE